UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LEE BERGER, SR.,

    Plaintiff,

    v.                                 CAUSE NO.: 3:20-CV-493-JD-MGG

B. HOLCOMB, et al.,

    Defendants.

## OPINION AND ORDER

Michael Lee Berger, Sr., a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Berger alleges that he requested a soft food diet upon his arrival at the Marshall County Jail on March 5, 2020, because he has no teeth and did not have his set of dentures with him. On April 12, Officer Crawford removed him from the diet for the stated reason that he saw Berger trading his food to another inmate. As a

result, Berger has been unable to eat most of the food served to him, and he cannot afford to buy food from the commissary. For his claims, Berger seeks money damages.

Berger asserts an Eighth Amendment claim of deliberate indifference against Sergeant Holcomb, Dr. Tchaptchet, and Officer Crawford. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Berger states a plausible Eighth Amendment claim against Officer Crawford for removing him from the soft diet. However, he cannot proceed against Sergeant Holcomb and Dr. Tchaptchet because he does not explain how they were personally involved.

Berger also alleges that he is being held at the Marshall County Jail in excess of his sentence. To assert a valid Eighth Amendment claim of excessive incarceration, Berger must allege that "the defendants held him beyond the term of his incarceration without penological justification, and that the prolonged detention was the result of the defendants' deliberate indifference." *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014). Berger cannot proceed on these allegations because he does not explain how the defendants were personally involved with this allegation, nor does he describe how

they are acting with deliberate indifference towards, or are even aware of, the unlawful nature of his incarceration at the Marshall County Jail.

For these reasons, the court:

(1) GRANTS Michael Lee Berger, Sr., leave to proceed on an Eighth Amendment claim against Officer Crawford for money damages for acting with deliberate indifference to his serious medical needs by removing him from a soft diet at the Marshall County Jail;

(2) DISMISSES Sergeant Holcomb and Dr. Tchaptchet;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Crawford at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Crawford to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Michael Lee Berger, Sr., has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT