UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LEE BERGER, SR.,

    Plaintiff,

    v.

CRAWFORD,

    Defendant.

CAUSE NO. 3:20-CV-493-JD

OPINION AND ORDER

Michael Lee Berger, Sr., a prisoner without a lawyer, is proceeding in this case "against Officer Crawford for money damages for acting with deliberate indifference to his serious medical needs by removing him from a soft diet at the Marshall County Jail[.]" ECF 4 at 3. On April 19, 2022, Officer Crawford filed a motion for summary judgment. ECF 46. With the motion, Officer Crawford provided Berger the notice required by N.D. Ind. L.R. 56-1(f). ECF 49. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. On May 9, 2022, Berger filed a motion requesting additional time to respond to the summary judgment motion. ECF 50. The court extended the deadline to June 20, 2022. ECF 51. This deadline passed nearly six

months ago, but Berger has not filed any response to the summary judgment motion. Therefore the court will now rule on Officer Crawford's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Officer Crawford provides an affidavit, in which he attests to the following facts:[1] On March 5, 2020, Berger was booked into the Marshall County Jail and placed

---

[1] Because Berger did not respond to the summary judgment motion, the Court accepts the facts alleged in Officer Crawford's affidavit as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ..")

on a soft food diet because he reported he had no teeth. ECF 48-1 at 1. The Marshall County Jail serves three meals each day: breakfast, lunch, and dinner. *Id.* at 3. The soft food menu changes only at dinner, as all food served during breakfast and lunch is considered soft food. *Id.* A regular dinner consists of a sandwich with lunch meat, Doritos, and an apple or carrots, whereas a soft food diet dinner consists of a peanut butter sandwich, potato chips, and a banana. *Id.* On April 9, 2020, Berger advised Officer Crawford he needed to be moved out of his pod because he was having a problem with another inmate, Inmate Schuh. *Id.* at 1-2. Specifically, Berger advised Officer Crawford that he normally traded the peanut butter sandwich from his dinner tray to Inmate Schuh but had not wanted to trade that day, which had caused a problem between the two. *Id.* Officer Crawford made a note in Berger's inmate log that he reported he needed to be moved and had been trading his peanut butter sandwiches. *Id.* at 2. Officer Crawford moved Berger to a different pod to prevent further arguments with Inmate Schuh. *Id.* The next day, Officer Crawford consulted with the medical department and was advised to discontinue Berger's soft food diet if he was trading away the items. *Id.* Officer Crawford documented his discussion with the medical department in Berger's inmate log and discontinued Berger's soft food diet. *Id.* at 2-3. Officer Crawford decided to discontinue Berger's diet not to punish Berger, but because he was giving away the main portion of the soft food dinner and this habit created a problem in his housing unit resulting in jail staff having to relocate him. *Id.* at 3-4.

Once Berger was removed from the soft food diet, the only hard items served to him would have been apples or carrots if they were served with the dinner. ECF 48-1 at

3

4; *see also* ECF 38, Berger's Response to Officer Crawford's First Set of Interrogatories, ¶ 7 (responding he had no problem with the lunch meat sandwiches but had difficulty with the carrots and apples). Berger was informed he would have to see the medical department if he wanted his soft food diet reinstated. ECF 48-1 at 4-5. At no point after April 10, 2020, did anyone from the medical department issue an order reinstating Berger's soft food diet. *Id.* If they had issued such an order, Officer Crawford would have reinstated the soft food diet. *Id.* Officer Crawford took no actions after April 10, 2020, to obstruct Berger from getting his soft food diet reinstated by medical staff. *Id.* at 5.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Officer Crawford concedes Berger had a serious medical need, and argues only that he was not deliberately indifferent to that need. ECF 47. In order to show Officer Crawford was deliberately indifferent, Berger must show he "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's

welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "

Officer Crawford argues he was not deliberately indifferent to Berger's medical need for discontinuing his soft food diet because he had a valid reason for discontinuing the diet, he consulted with medical staff before discontinuing the diet, and Berger did not suffer any harm or nutritional deprivation upon being taken off the diet. ECF 47 at 3-7. Here, there is no evidence by which a reasonable jury could conclude Officer Crawford was deliberately indifferent to Berger's medical need, as there is no evidence Officer Crawford knew discontinuing Berger's diet exposed him to a "serious risk of being harmed[.]" *See Board*, 394 F.3d at 478. Instead, the undisputed facts show Officer Crawford followed the advice of medical staff to discontinue the diet after Berger admitted to regularly trading his food items to other inmates. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)) ("a non-medical prison official will generally be justified in" relying on the advice of medical staff). Moreover, it is undisputed Berger was able to continue eating the majority of the food he received after being removed from the soft food diet, as he could eat all the food served at breakfast and lunch and was able to eat the meat sandwiches and chips served at dinner. *See* ECF 38 at 3. Lastly, it is undisputed Officer Crawford would have followed any recommendation from medical staff that Berger be reinstated on the soft food diet, and that Officer Crawford did nothing to obstruct Berger from obtaining that recommendation. Thus, because it is undisputed Officer Crawford relied on the expertise of the medical staff in determining to discontinue Berger's soft food diet, and there is no evidence Officer Crawford knew

5

discontinuing the diet would subject Berger to a serious risk of harm, no reasonable jury could conclude Officer Crawford was deliberately indifferent to Berger's medical need. Summary judgment is therefore warranted in favor of Officer Crawford.

For these reasons, the court:

(1) GRANTS Officer Crawford's summary judgment motion (ECF 46); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Crawford and against Michael Lee Berger, Sr., and to close this case.

SO ORDERED on January 26, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT